UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF PENNSYLVANIA

JAYSON MELENDEZ-BONILLA, :
    Petitioner, :
     :
    v. : No. 5:16-cv-06191
     :
THOMAS MCGINLEY, *SUPERINTENDENT*, :
THE DISTRICT ATTORNEY OF THE :
COUNTY OF BERKS, and :
THE ATTORNEY GENERAL OF THE :
STATE OF PENNSYLVANIA, :
    Respondents. :

**O P I N I O N**
Report and Recommendation, ECF No. 9 – Adopted in Part
Petition for Writ of Habeas Corpus, ECF No. 1 – Denied and Dismissed

**Joseph F. Leeson, Jr.**                                                              **April 10, 2018**
**United States District Judge**

## I. INTRODUCTION

Petitioner Jayson Melendez-Bonilla filed a petition for writ of habeas corpus pursuant to 28 U.S.C. § 2254, challenging his conviction in the Berks County Court of Common Pleas of Attempted Homicide and four counts of Assault of a Law Enforcement Officer, Firearms Not to be Carried Without a License, and related charges for firing multiple shots at four uniformed police officers. Magistrate Judge Henry S. Perkin issued a Report and Recommendation ("R&R") recommending that Melendez-Bonilla's three exhausted habeas claims, Claims Eight, Nine, and Ten, be denied on their merits and the remaining eight habeas claims be dismissed as procedurally defaulted. Melendez-Bonilla has filed objections to the R&R. After de novo review, this Court overrules the objections, adopts the R&R in part as explained herein, and denies and dismisses the habeas petition.

## II. STANDARDS OF REVIEW

### A. R&R with objections

When objections to a report and recommendation have been filed under 28 U.S.C. § 636(b)(1)(C), the district court must make a de novo review of those portions of the report to which specific objections are made. 28 U.S.C. § 636(b)(1)(C); *Sample v. Diecks*, 885 F.2d 1099, 1106 n.3 (3d Cir. 1989). "District Courts, however, are not required to make any separate findings or conclusions when reviewing a Magistrate Judge's recommendation de novo under 28 U.S.C. § 636(b)." *Hill v. Barnacle*, 655 F. App'x. 142, 147 (3d Cir. 2016). The "court may accept, reject, or modify, in whole or in part, the findings and recommendations" contained in the report. 28 U.S.C. § 636(b)(1)(C).

### B. Habeas corpus petitions under 28 U.S.C. § 2254

Pursuant to the Antiterrorism and Effective Death Penalty Act ("AEDPA"), "state prisoners must give the state courts one full opportunity to resolve any constitutional issues by invoking one complete round of the State's established appellate review process" before seeking federal habeas review. *O'Sullivan v. Boerckel*, 526 U.S. 838, 845 (1999). Where a petitioner has failed to properly present his claims in the state court and no longer has an available state remedy, he has procedurally defaulted those claims. *Id.* at 847-848. An unexhausted or procedurally defaulted claim cannot provide the basis for federal habeas relief unless the petitioner "can demonstrate cause for the default and actual prejudice as a result of the alleged violation of federal law, or demonstrate that failure to consider the claims will result in a fundamental miscarriage of justice." *See Coleman v. Thompson*, 501 U.S. 722, 732-33, 750 (1991) (explaining that a "habeas petitioner who has defaulted his federal claims in state court meets the technical requirements for exhaustion [because] there are no state remedies any longer

'available' to him"). The Supreme Court has held that the ineffectiveness of counsel on collateral review may constitute "cause" to excuse a petitioner's default. *See Martinez v. Ryan*, 566 U.S. 1 (2012). The fundamental miscarriage of justice exception "applies to a severely confined category: cases in which new evidence shows 'it is more likely than not that no reasonable juror would have convicted [the petitioner].'" *McQuiggin v. Perkins*, 569 U.S. 383, 395 (2013) (quoting *Schlup v. Delo*, 513 U.S. 298, 329 (1995)).

The AEDPA "imposes a highly deferential standard for evaluating state-court rulings and demands that state-court decisions be given the benefit of the doubt." *Felkner v. Jackson*, 562 U.S. 594, 598 (2011) (internal quotations omitted); *See also* 28 U.S.C. § 2254(d);[1] *Knowles v. Mirzayance*, 556 U.S. 111, 123 (2009) (holding that there is a "doubly deferential judicial review that applies to a *Strickland* claim evaluated under the § 2254(d)(1) standard" because the question before a federal court is not whether the state court's determination was correct, but whether the determination was unreasonable); *Hunterson v. Disabato*, 308 F.3d 236, 245 (3d Cir. 2002) ("[I]f permissible inferences could be drawn either way, the state court decision must stand, as its determination of the facts would not be unreasonable."). Additionally, "a federal habeas court must afford a state court's factual findings a presumption of correctness and that [] presumption applies to the factual determinations of state trial and appellate courts." *Fahy v. Horn*, 516 F.3d 169, 181 (3d Cir. 2008). The habeas petitioner has the "burden of rebutting the presumption of correctness by clear and convincing evidence." 28 U.S.C. § 2254(e)(1).

---

[1] "An application for a writ of habeas corpus on behalf of a person in custody pursuant to the judgment of a State court shall not be granted with respect to any claim that was adjudicated on the merits in State court proceedings unless the adjudication . . . resulted in a decision that was contrary to, or involved an unreasonable application of, clearly established Federal law . . .; or . . . resulted in a decision that was based on an unreasonable determination of the facts . . . ." 28 U.S.C. § 2254(d).

### C. Claims of ineffective assistance of counsel

To establish counsel's ineffectiveness, a petitioner must show: (1) counsel's performance fell below an objective standard of reasonableness; and (2) the performance was prejudicial to the defense. *Strickland v. Washington*, 466 U.S. 668 (1984). There is a strong presumption that counsel is effective and the courts, guarding against the temptation to engage in hindsight, must be "highly deferential" to counsel's reasonable strategic decisions. *Id.* at 689 (explaining that courts should not second-guess counsel's assistance and engage in "hindsight to reconstruct the circumstances of counsel's challenged conduct"). The mere existence of alternative, even more preferable or more effective, strategies does not satisfy the first element of the *Strickland* test. *See Marshall v. Hendricks*, 307 F.3d 36, 86 (3d Cir. 2002). To establish prejudice under the second element, the petitioner must show that there is "a reasonable probability that, but for counsel's unprofessional errors, the result of the proceeding would have been different." *Roe v. Flores-Ortega*, 528 U.S. 470, 482 (2000) (quoting *Strickland*, 466 U.S. at 694). The court must consider the totality of the evidence and the burden is on the petitioner to prove ineffectiveness. *Strickland*, 466 U.S. at 687, 695.

## III. ANALYSIS

Magistrate Judge Perkin reviewed the habeas claims and determined that except for Claims Eight, Nine, and Ten, the claims should be dismissed as procedurally defaulted. The Magistrate Judge explained that Melendez-Bonilla failed to exhaust Claims One through Seven and Claim Eleven in the state courts and that because any PCRA petition filed in the state would now be time-barred, these claims are procedurally defaulted. In his objections, Melendez-Bonilla asserts that PCRA counsel was ineffective and that the exception in *Martinez* excuses his procedural default. After de novo review of all of the claims and objections, this Court

concludes that Melendez-Bonilla has failed to show cause and prejudice[2] for his default or that a fundamental miscarriage of justice[3] will result if Claims One through Seven are not considered. This Court has also given de novo review to Claims Eight through Eleven and denies these claims on their merits. The objections are overruled for the reasons discussed herein and for those set forth in R&R.

>    **A.    Melendez-Bonilla has failed to show that his procedural default of Claim One should be excused, and this claim is dismissed.**

The Magistrate Judge determined that Melendez-Bonilla failed to exhaust Claim One because it was not raised on direct appeal. In this claim, Melendez-Bonilla alleges that his due process rights were violated when the trial court empaneled a jury that was not a fair cross section of the community. The habeas claim does not allege the ineffective assistance of trial counsel. The same claim was raised in the PCRA petition and denied on its merits. But, the Pennsylvania Superior Court, on review of the denial of PCRA relief, determined that the claim was waived because it was not raised on direct appeal and there was no allegation in the PCRA petition that trial counsel was ineffective for failing to object to the jury pool. Upon de novo review, this Court finds that Melendez-Bonilla asserts in Claim One the same claim raised by PCRA counsel. He offers no factual allegations or argument that trial counsel was ineffective. He has therefore failed to show that PCRA counsel was ineffective for not raising trial counsel's ineffectiveness. *See Martinez*, 566 U.S. 1.

---

[2]    This Court addresses whether there is "cause and prejudice" to excuse the procedural default regarding the individual claims below.

[3]    In light of the overwhelming evidence of Melendez-Bonilla's guilt, the absence of any new evidence to show that "it is more likely than not that no reasonable juror would have convicted [him]," *see Schlup*, 513 U.S. at 329, and his admission in the habeas petition that he "had, in fact, admitted to the crime to his attorney," *see* Hab. Pet. Attach Sheet 12, ECF No. 1-1, this Court concludes that he has failed to show that a fundamental miscarriage of justice will result if his claims are not considered.

Moreover, the PCRA court considered the merits of this claim and denied it for the reasons outlined by PCRA counsel in the *Finley* letter.[4] The letter explained that a defendant does not have a constitutional right to a jury comprised, in whole or in part, of persons of his own race, there were no *Batson*[5] issues in the case, and the jury pool in Berks County was gathered by an automated system. Melendez-Bonilla has not offered any evidence or argument to refute the state court's conclusion. Giving due deference to the decision of the state court, this Court finds that Melendez-Bonilla has also failed to show that he was prejudiced by any failure of PCRA counsel to raise trial counsel's ineffectiveness. Accordingly, even if PCRA counsel's failure to allege trial counsel's ineffectiveness could establish "cause," Melendez-Bonilla was not prejudiced. The objection is overruled, and Claim One is dismissed.

> **B.** **After a thorough analysis pursuant to *Martinez*, this Court concludes that Melendez-Bonilla has failed to show that PCRA counsel was ineffective for failing to raise Claims Two through Five, and these claims are dismissed as procedurally defaulted.**

The Magistrate Judge found that Claims Two through Five are waived based on the Pennsylvania Superior Court's determination that Melendez-Bonilla waived these claims because he raised them in an unauthorized amended PCRA petition filed pro se after PCRA counsel filed a *Finley* letter with the PCRA court, instead of in his PCRA petition. R&R 20-22, ECF No. 9. The Magistrate Judge concluded that the claims should be dismissed as procedurally defaulted and that *Martinez* is inapplicable because the error in not first obtaining permission of the PCRA court to file an amended petition was solely the fault of Melendez-Bonilla, not of PCRA counsel. R&R 22-23.

---

[4] *Commonwealth v. Finley*, 550 A.2d 213 (Pa. Super. 1988) (allowing appointed counsel, after an independent review of the record, to file a no-merit letter explaining why the PCRA petition is meritless).

[5] *Batson v. Kentucky*, 476 U.S. 79 (1986) (prohibiting a prosecutor from using peremptory challenges in a manner that violates the Equal Protection Clause).

This is not the analysis *Martinez* requires. *See Mack v. Superintendent Mahanoy SCI*, No. 16-2486, 2017 U.S. App. LEXIS 22458, at *4-6 (3d Cir. 2017). The Third Circuit Court of Appeals in *Mack* explained that the court's *Martinez* "inquiry focuses on whether *counsel*, not the prisoner, raised the ineffective assistance of counsel claim at the initial-review collateral proceeding." *See id.* at *5 (emphasis in original). The Circuit Court stated that because the responsibility to raise the ineffectiveness of trial counsel "rests with PCRA counsel, we have applied *Martinez* to excuse a procedural default when such counsel has failed to raise an ineffective assistance of counsel claim." *Id.* (citing *Bey v. Superintendent Greene SCI*, 856 F.3d 230, 243-44 (3d Cir. 2017)). In *Mack*, the petitioner's PCRA counsel filed a no-merit letter and the petitioner failed to raise in his pro se response his claim of ineffective assistance of plea counsel. *Id.* at *4-6. The Circuit Court held that "*Martinez* may still excuse the default if [] PCRA counsel was ineffective for filing a no-merit letter and not raising [the petitioner's] ineffective assistance claim regarding plea counsel." *Id.* at *6. The Circuit Court reversed the district court's order, which adopted the magistrate judge's report and recommendation and dismissed Mack's habeas petition, and remanded the case for the district court to conduct the analysis required by *Martinez*. *See id.* at *4-7 ("The Report and Recommendation's reasoning — that *Martinez* did not apply because Mack could have raised the issue in his pro se filing in the PCRA court — is inconsistent with *Martinez* itself."). [6] Here, like in *Mack*, the R&R failed to address whether PCRA counsel was ineffective for not raising the ineffectiveness of Melendez-

---

[6] Unlike Mack, Melendez-Bonilla did raise the ineffectiveness of trial counsel in his timely response to PCRA counsel's no-merit letter. *See* PCRA court orders dated December 9, 2014, December 17, 2014, December 24, 2014, and February 5, 2015, ECF No. 8-6 (affording Melendez-Bonilla until May 27, 2015, "to respond to the proposed dismissal" of his PCRA petition based on the no-merit letter). However, the Superior Court determined that this response was an unauthorized amended petition instead of objections to the court's notice of intent to dismiss, and concluded that the claims were waived.

Bonilla's trial counsel regarding the issues in Claims Two through Five. This Court, upon de novo review, will therefore conduct the required *Martinez* analysis regarding each of these claims to determine if the procedural default may be excused.[7]

In its opinion explaining the dismissal of the PCRA petition, the PCRA court addressed the same claim raised in the habeas petition at Claim Two, that trial counsel was ineffective for stipulating to the admission of the expert report of Sergeant Tempinski. *See* PCRA court's 1925(a)[8] Opinion dated August 5, 2015, at 5-8, ECF No. 8-7. After de novo review of the habeas claim, this Court finds that the claim appears to lack merit for the reasons set forth in the 1925(a) Opinion. Further, contrary to the allegations in the habeas claim, the stipulation did not imply that the bullet fragments came from Melendez-Bonilla and did not state that the gun did not fire accidentally at the time of the shooting, but only during the shock and drop test. *See* Habeas Pet. Attach Sheet 3, ECF No. 1-1; Trial Exhibit C-26, ECF No. 8-4. This Court also finds that trial counsel may have made a reasonable strategic decision in stipulating to the qualifications of Sergeant Tempinski instead of calling the jury's attention to his training and expertise. Therefore, PCRA counsel was not ineffective for failing to argue that trial counsel was ineffective by stipulating to Tempinski's report, and Melendez-Bonilla has failed to show cause to excuse his procedural default. Further, because Claim Two appears meritless, Melendez-Bonilla was not prejudiced by any alleged ineffectiveness of PCRA counsel for failing to raise this claim. The objections are overruled, and Claim Two is dismissed.

---

[7]   In addition to the reasons discussed below, this Court finds that PCRA counsel was not ineffective for filing a *Finley* letter. *See Edwards v. Walsh*, No. 13-1010, 2013 U.S. Dist. LEXIS 118489, at *1 n.1 (E.D. Pa. Aug. 21, 2013) (concluding that PCRA counsel's filing of a *Finley* letter "does not indicate deficient performance under *Strickland*").

[8]   Pa. R.A.P. 1925(a) (directing the lower court to file an opinion explaining the reasons for the order giving rise to the notice of appeal, if the reasons for the order do not already appear in the record).

In his third habeas claim, Melendez-Bonilla contends that trial counsel was ineffective for failing to challenge the qualifications of the Commonwealth's evidence technician, David Reidler, and for failing to object to testimony beyond the scope of his qualifications. This Court has independently reviewed the trial testimony of Reidler and concludes he did not offer an expert opinion within a reasonable degree of certainty; rather, he testified based on his sixteen and-a-half-year experience as a law enforcement officer and two and-a-half-year experience as an evidence technician with Major Crimes. *See* Trial N.T. 123-152, ECF Nos. 8-2, 8-3. Thus, PCRA counsel was not ineffective for not challenging trial counsel's actions. Further, the alleged ineffectiveness did not prejudice Melendez-Bonilla. Claim Three is dismissed, and the objections to the R&R are overruled.

Claim Four of the habeas petition asserts that trial counsel was ineffective for offering the testimony of an unqualified expert in the field of ballistics.[9] The PCRA court concluded that Melendez-Bonilla's claim amounted to "pure speculation" and that he had failed to demonstrate that trial counsel had no reasonable basis for his actions. *See* PCRA court's 1925(a) Opinion at 5. The PCRA court commented that trial counsel could have had a reasonable strategic basis for not calling a ballistics expert because such an expert may have implicated Melendez-Bonilla in the crimes. *See id.* at 5-6. The habeas petition, like the PCRA petition, also fails to allege any additional evidence that could have been presented with an expert witness or to show how counsel was ineffective in this regard. Accordingly, Melendez-Bonilla has failed to show that PCRA counsel was ineffective for failing to raise the claim or that he suffered actual prejudice. The objections to the R&R are overruled, and Claim Four is dismissed.

---

[9] Trial counsel presented the testimony of Albert D. Schade, a retired police office formerly employed by the Reading Police Department for more than twenty-one years. *See* Trial N.T. 162-174. He had seen hundreds of crime scenes in his career and was employed as an evidence technician for twelve years. *Id.*

Melendez-Bonilla asserts in his fifth habeas claim that trial counsel was ineffective for failing to challenge the legality of his sentence in light of his previous convictions in 1998 and 2001. The basis for this argument is not clear. Regardless, the state courts repeatedly determined that the sentence was legal. Melendez-Bonilla faced a mandatory minimum term of twenty years imprisonment for assaulting a law enforcement officer. *See* 42 Pa. C.S. § 9719.1(a). He was convicted on four counts of assaulting a law enforcement officer regarding four separate officers. The sentencing court ran the sentences on each count consecutively, *see* 42 Pa. C.S. § 9757, and sentenced Melendez-Bonilla to eighty to one hundred sixty years imprisonment. Accordingly, Melendez-Bonilla has failed to show that PCRA counsel was ineffective or that he was prejudiced by the alleged ineffectiveness, so as to excuse his procedural default of this claim. The objections are overruled and the fifth claim is dismissed.

### C. The *Martinez* exception is inapplicable to Melendez-Bonilla's sixth and seventh claims and these claims are dismissed as procedurally defaulted.

The Magistrate Judge determined that claims six and seven are procedurally defaulted. In his objections, Melendez-Bonilla argues that the *Martinez* exception excuses his procedural default. Upon de novo review, this Court concludes that *Martinez* does not apply to the sixth and seventh habeas claims.

The Pennsylvania Superior Court, reviewing the PCRA court's decision denying collateral relief, determined that the same claims raised in habeas Claims Six and Seven were waived because they were not developed in the argument section of Melendez-Bonilla's appellate brief. Because the waiver of these claims occurred during the appeal of the PCRA proceedings and not in the PCRA proceedings themselves, the *Martinez* exception does not apply. *See Thomas v. Ferguson*, No. 16-2484, 2017 U.S. Dist. LEXIS 114097, at *20-22 (E.D. Pa. July 20, 2017) (rejecting the habeas petitioner's argument that he could allege the ineffective

assistance of state post-conviction appellate counsel under *Martinez*). "*Martinez* . . . expressly declined to create any right to counsel in post-conviction appeals or to permit ineffective assistance by counsel in such appeals to provide cause sufficient to enable a petitioner to raise a defaulted ineffective assistance claim on habeas review." *Id.* at *21-22. PCRA counsel raised these claims in the PCRA petition, defeating any ineffectiveness claim, and Melendez-Bonilla was unrepresented on appeal. His objections are therefore overruled. Claims Six and Seven are dismissed as procedurally defaulted.

        **D.**      **Melendez-Bonilla's eighth, ninth, and tenth claims are denied on their merits.**

The Magistrate Judge concluded that Claims Eight, Nine, and Ten were exhausted in the state courts and that the state courts' decisions denying these claims were not contrary to, nor an unreasonable application of the clearly established *Strickland* standard. After de novo review, Melendez-Bonilla's objections regarding Claims Eight and Ten are overruled for the reasons set forth in the R&R. *See Hill*, 655 F. App'x. at 147 (holding that district courts are not required to make any separate findings or conclusions when reviewing an R&R). These claims are denied on their merits.

As to Claim Nine, this Court agrees with the Magistrate Judge that the Pennsylvania Superior Court's decision that Melendez-Bonilla's character witness affidavits did not satisfy Pennsylvania Rule of Evidence 404(a)(2)(A) was not based on an unreasonable determination of the facts or an unreasonable application of clearly established federal law. Melendez-Bonilla alleges in his objections to the R&R that the Superior Court's decision was an unreasonable application of *Strickland* because character witness testimony on the "good nature" of a defendant is an acceptable form of testimony that the jury should have heard. *See* Objs. 6-12,

ECF No. 17 (citing *Commonwealth v. Weiss*, 606 A.2d 439 (Pa. 1992); *Commonwealth v. Todd*, 820 A.2d 707 (Pa. Super. 2003); *Commonwealth v. Khalil*, 806 A.2d 415 (Pa. Super. 2002)).

After de novo review, this Court finds that the Superior Court's decision was not contrary to *Strickland*; rather, Melendez-Bonilla misinterprets the case law. While he is correct that evidence of his good character may have been admissible, he is incorrect in asserting that his affidavits were sufficient to show counsel's ineffectiveness. His witness affidavits stated only that the witnesses were willing and ready to testify "as to the Defendant's good nature." However, good character evidence can only be admitted through testimony about one's reputation. *See* Pa. R. Ev. 405(a); *Weiss*, 606 A.2d at 442-43. The Superior Court's determination that these affidavits, which did not state that the witnesses were willing and able to testify about Melendez-Bonilla's reputation, were insufficient to establish the ineffectiveness of counsel for not calling these witnesses was not contrary to *Strickland*. *See Muir v. Lin*k, No. 16-cv-2256, 2018 U.S. Dist. LEXIS 6720, at *33-35 (finding that the Pennsylvania Superior Court's conclusion that the petitioner failed to establish counsel's ineffectiveness for failing to call character witnesses because his affidavits were void of any information that he had a reputation for being law abiding and peaceful person was not an unreasonable application of *Strickland*), *adopted by* 2018 U.S. Dist. LEXIS 48041, at *1 (E.D. Pa. Mar. 23, 2018). The objection is overruled, and Claim Nine is denied.

> **E.** **This Court is unable to determine whether Claim Eleven is procedurally defaulted and denies the claim after consideration of the merits.**

The Magistrate Judge determined that Claim Eleven is procedurally defaulted because it was not raised on direct appeal or in any PCRA petition. The R&R reports that this claim was raised for the first time in the habeas petition, but also states that "Petitioner's waiver of the claims *as determined* by the Superior Court were solely the result of errors made by Petitioner

12
041018

himself in failing to comply with state procedural rules, not errors of counsel." R&R 23-24 (emphasis added). The Magistrate Judge's finding that Claim Eleven was first raised in the habeas petition contradicts his finding that the Superior Court determined that the claim was waived. The R&R further concludes that *Martinez* is inapplicable.

Upon de novo review, this Court finds that Claim Eleven, like Claims Two through Five, was first presented in Melendez-Bonilla's amended PCRA petition filed pro se after PCRA counsel filed a *Finley* letter with the PCRA court. *See* Amended PCRA Pet. 7-10, ECF No. 8-7. This claim was also raised in Melendez-Bonilla's concise statement of matters complained of on appeal filed with the Berks County Court of Common Pleas on July 6, 2015. *See* Concise Stmt ¶ 11, ECF No. 8-7. The PCRA court then addressed this claim in its 1925(a) Opinion. *See* PCRA court's 1925(a) Opinion at 8. However, the Pennsylvania Superior Court, in its order affirming the denial of PCRA relief, did not mention this claim. It is unclear from the current record whether Melendez-Bonilla failed to address this claim in his appellate brief, which would make the procedural default of his own doing and render *Martinez* inapplicable, *see Thomas*, 2017 U.S. Dist. LEXIS 114097, at *20-22, or whether the claim was in fact exhausted. Either way, the objections to the R&R based on *Martinez* are overruled. But, out of an abundance of caution, this Court will consider the merits of Claim Eleven.

In Claim Eleven, Melendez-Bonilla alleges that trial counsel was ineffective during closing arguments in stating that "Melendez-Bonilla fired shots within close proximity of the police officers." Habeas Pet. Attach Sheet 12, ECF No. 1-1. He argues that trial counsel placed Melendez-Bonilla at the scene of the crime with the smoking gun that was fired at the officers. He also asserts that counsel's statements amounted to testimony in violation of his Fifth

Amendment right against self-incrimination[10] and violated the attorney-client privilege to the extent that he had admitted the crime to trial counsel. *Id.*

Initially, this Court finds that trial counsel did not specifically mention Melendez-Bonilla in the statement he complains about; rather, counsel referred to "this individual." *See* Trial N.T. 181:21. Further, during closing arguments, trial counsel argued to the jury that there was no evidence that any of the bullets fired came from Melendez-Bonilla's gun. *Id.* at 177:2 – 179:24. He reminded the jury that it was dark and the officers could not see the shooter's face or the gun in the shooter's hands. *Id.* at 179:25 – 181:1. Counsel commented about how quickly the shots were fired and that the officers formed the belief "in a fraction of a second" that someone was shooting at them. *Id.* at 181:4-18. He asserted that there was no evidence of any intent to kill and that someone with the intent to kill would not have behaved as Melendez-Bonilla did after the shots were fired. *Id.* at 181:16 – 183:4.

After de novo review, this Court concludes that nothing in trial counsel's closing argument violated Melendez-Bonilla's rights. At no point did counsel mention any statements made by Melendez-Bonilla or any facts that were not presented during trial. *See* Trial N.T. 176-186. Rather, counsel discussed the evidence, and lack thereof, that was presented at trial and tried to cast doubt on the prosecutor's theory of the case. Because Melendez-Bonilla was arrested just a short distance away from the crime scene minutes after the shooting and was in possession of a firearm, trial counsel's defense strategy was to argue that there was no evidence the bullets were fired from Melendez-Bonilla's gun and he did not have the intent to kill.

Considering the highly deferential standard owed to counsel's reasonable strategic decisions, this Court cannot conclude that trial counsel's performance was unreasonable. *See*

---

[10] Melendez-Bonilla did not testify at trial.

*Eberhardt v. Wenerowicz*, No. 13-1700, 2015 U.S. Dist. LEXIS 181601, at *21-26 (concluding that trial counsel's strategy to call a witness that could negate specific intent to kill, even though the witness put the gun in the defendant's hands, was reasonable (citing *Lingar v. Bowersox*, 176 F.3d 453, 459 (8th Cir. 1999) (holding that "the decision to concede guilt of the lesser charge of second-degree murder was a reasonable tactical retreat rather than a complete surrender"))), *adopted by* 2016 U.S. Dist. LEXIS 132011, at *1 (E.D. Pa. Sep. 27, 2016). Further, considering all the evidence presented at trial, which the Pennsylvania Superior Court on direct appeal concluded was sufficient to support the convictions, Melendez-Bonilla has not shown that there is a reasonable probability that the result of the trial would have been different, but for trial counsel's statements during closing arguments. *See Commonwealth v. Melendez-Bonilla*, No. 529 MDA 2012, 2013 Pa. Super. Unpub. LEXIS 283, at *8 (Pa. Super. 2013). The eleventh habeas claim is denied on its merits.

    **F.**    **There is no basis for the issuance of a certificate of appealability.**

"Under the Antiterrorism and Effective Death Penalty Act of 1996 ('AEDPA'), a 'circuit justice or judge' may issue a COA [certificate of appealability] only if the petitioner 'has made a substantial showing of the denial of a constitutional right.'" *Tomlin v. Britton*, 448 F. App'x 224, 227 (3d Cir. 2011) (citing 28 U.S.C. § 2253(c)). "Where a district court has rejected the constitutional claims on the merits, . . . the petitioner must demonstrate that reasonable jurists would find the district court's assessment of the constitutional claims debatable or wrong." *Slack v. McDaniel*, 529 U.S. 473, 484 (2000). "When the district court denies a habeas petition on procedural grounds without reaching the prisoner's underlying constitutional claim, a COA should issue when the prisoner shows, at least, that jurists of reason would find it debatable whether the petition states a valid claim of the denial of a constitutional right and that jurists of

reason would find it debatable whether the district court was correct in its procedural ruling." *Id.*

For the reasons set forth herein and in the R&R, Melendez-Bonilla has not made a substantial showing of the denial of a constitutional right or that jurists of reason would find it debatable that the procedural rulings are correct, nor would jurists of reason find the Court's assessment of the claims debatable or wrong.

## IV. CONCLUSION

After de novo review, Melendez-Bonilla's objections to the R&R based on *Martinez* are overruled. The R&R is adopted in part as explained herein. Habeas Claims One through Seven are dismissed as procedurally defaulted and Claims Eight through Eleven are denied on their merits. A separate Order follows.

BY THE COURT:

*/s/ Joseph F. Leeson, Jr.*
JOSEPH F. LEESON, JR.
United States District Judge